UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL BROWN,

    Petitioner,

    v.    CAUSE NO.: 3:24-CV-527-PPS-AZ

UNITED STATES,

    Respondent.

OPINION AND ORDER

James Michael Brown, a prisoner without a lawyer, initiated this case by filing a document labeled, "Mandatory Injunction." (ECF 1.) Notwithstanding the label, it is evident from the content of this filing that he is challenging his 2020 conviction in St. Joseph County for robbery, criminal confinement, auto theft, and related offenses. (ECF 1; ECF 1-1.)

This is not the first time he has challenged this conviction in federal court. In 2022, he filed a habeas petition challenging this conviction, and the petition was dismissed as untimely. *Brown v. Warden*, 3:22-CV-842-RLM-MGG (N.D. Ind. closed Oct. 6, 2022). In April 2024, he filed another petition challenging this same conviction. *Brown v. Warden*, 3:24-CV-313-JVB-JEM (N.D. Ind. closed Apr. 23, 2024). The petition was dismissed for lack of jurisdiction, and he was told that he could not proceed with a successive habeas petition challenging his conviction unless he obtained prior authorization from the Seventh Circuit. *See* 28 U.S.C. § 2244(a) (outlining procedures

applicable to successive habeas petitions); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding that district court lacks jurisdiction over unauthorized successive petition).

He then returned with a third petition challenging this same conviction less than a month after the court's order dismissing the second petition. *Brown v. Warden*, 3:24-CV-380-GSL-JEM (N.D. Ind. closed May 20, 2024.) It appeared he tried to circumvent the court's prior rulings by filing his third petition in the Southern District of Indiana and repackaging his arguments into a filing labeled, "Motion to Take Judicial Notice and Appoint Pauper Counsel." *Id.*, ECF 1. That case was also dismissed for lack of jurisdiction, and the court expressly cautioned him that filing additional unauthorized successive habeas petitions challenging his 2020 conviction, however they were labeled, could result in the imposition of sanctions. *Id.*, ECF 8.

Less than two weeks after that order issued, he filed the present "Mandatory Injunction" in the Southern District, which transferred the case to this court. (ECF 1, 4.) Because he is challenging a state conviction, he must comply with the requirements of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") regardless of how he labels his filing. As the Seventh Circuit has explained:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). There is no indication from his filing that he has obtained authorization from the Circuit to file a successive habeas

2

petition challenging his 2020 conviction. I therefore have no jurisdiction to consider his claims. *Burton*, 549 U.S. at 157.

Mr. Brown has been told multiple times that he must obtain authorization from the Circuit to proceed with a successive habeas petition challenging his 2020 conviction, yet he has continued to file unauthorized petitions. He has been expressly warned that he risked the imposition of sanctions if he persisted with his course of action, but he did not heed the court's warning. At this point, I find it necessary to order him to show cause why sanctions should not be imposed.

For these reasons, the court:

(1) ORDERS the petitioner to show cause by **August 13, 2024,** why he should not be sanctioned for filing multiple unauthorized successive habeas petitions challenging his 2020 conviction; and

(2) ORDERS the petitioner to submit a certified copy of his trust fund ledgers for the past six months with his response for the court to assess whether a monetary sanction is appropriate.

SO ORDERED.

ENTERED:  July 23, 2024.

       /s/   Philip P. Simon
      PHILIP P. SIMON, JUDGE
      UNITED STATES DISTRICT COURT